378

E. M. Dart Manufactur-
    ing Company

        vs.                    Eq. No. 4583

The Screw Machinery
    Products Corporation

RESCRIPT

June 25, 1919

BARROWS, J. Heard on bill, answer, replication and oral testimony on issues of fact.

The bill seeks specific performance of an agreement to sign a lease. Complainant is landlord of certain premises occupied by respondent. In July 1918 by oral agreement, later confirmed in writing, complainant agreed to lease certain additional space to respondent. The additional space was designated as sections 12 - 16 on a plat in evidence. The only dispute relates to section 13.

At the time of the agreement section 13, which had been used as a coloring room, contained certain tanks to which pipes ran from the main supply and drain pipes of the building. One end of said room also contained a platform or 6 inch raised floor measuring 14 ft. 3 in. by 20 ft. 9 in. This was laid over 3" x 4" beams which rested upon 2 inch planking, which in turn rested on beams. The beams are about twelve feet above the ground, supported by exterior posts. A driveway runs beneath the room. The Court viewed the premises. The raised flooring and the various pipes were built into the building by complainant's predecessor in title who owned in fee simple. We find that both floor and pipes were real estate and not removable fixtures. Some pipes were removed, however, prior to complainant's taking possession.

 Canning vs. Owen, 22 R. I. 624.

 McCrillis vs. Cole, 25 R. I. 156

 Towson vs. Smith, 13 App. Cases D. C. 48.

 Trask vs. Little, 182 Mass. 8.

377, 378

Mr. Briggs, who was the officer of respondent corporation in charge of making the lease, was conversant with the construction of section 13, having been an officer in the corporation own-

379

ing the property prior to complainant, to wit, the Metal Products Corporation.

The agreement was that as soon as possible after one Eddy vacated the premises, the space was to be made ready for occupancy—doors were to be cut, benches installed, toilets constructed, pipes to be maintained suitable for a coloring room. These pipes, as Mr. Briggs says, were to be cared for above the floor by respondent and below it by complainant. The Court finds that complainant kept its agreement relating to the pipes. It has also performed all other matters specifically mentioned in the agreement at an expense of about $1,000.

The difficulty has arisen because complainant, finding its raised floor rotted out in spots and torn by reason of the removal of Eddy's belongings, took up the raised floor and laid a new floor on the same level as the balance of section 13 at an expense of approximately $100. This is claimed to have been a substantial structural change in the property which warranted respondent in refusing to sign the lease.

The original raised floor was not impervious; Mr. Briggs testified it was of solid concrete or asphaltum 6 inches deep, at first saying the concrete was all over the floor, later modifying this somewhat. But the evidence of the disinterested carpenters who removed the raised floor makes plain that it was a wooden floor covered in places with concrete about 1 inch thick. Mr. Briggs is undoubtedly mistaken in his testimony as to the construction of the floor. He also testified about a conversation with George S. Champlin relative to this raised floor about August 1st, before any change had been made. Here again we believe he was in error and suspect he has confused the conversa-

378, 379

tion with another which he had later with George B. Champlin. We do not believe that any conversation occurred about the removal or retention of the raised floor prior to its removal. No claim is made that Briggs was consulted or knew about it. Complainant acted in good faith trying to make the property suitable for a coloring room. It is so suitable. It would have been cheaper for complainant to patch up and leave the platform.

There is excellent reason for a raised platform at this point. To carry pipes through and below the present floor level would expose them to the weather. We believe that the change in construction after the agreement was such that we should not be warranted in ordering respondent to execute the lease with the floor in its present condition unless allowance were made for construction of a new raised floor. It is obesrvable, however, that complainant has substantially performed its obligation. Its change of floor level was in good faith and it has spent $1,000 in preparing the property for respondant's occupancy. The cost of a platform over the present floor is not a large item. We believe the case is one where the respondent has got substantially all for which he contracted when this allowance is made, and that the deficiency is one for which he can be readily compensated in money.

Towner vs. Tickner, 112 Ill. 217.

Seamans vs. Ackerman, 57 Wis. 547.

That the raised platform is convenient, not vital, is shown by Brigg's proposal to accept an arrangement of the coloring room shown on his sketch which he admits was not the original plan as used by the Metal Products Corporation.

Substantial justice is the basis of specific performance.

King vs. Hamilton, 4 Peters 310 @ 328.

Respondent has enjoyed some of the benefits of occupancy as shown by the testimony. Briggs' refusal to execute the lease unless his arbitrary demands relative to pipes were acceded to was met by an equally unyielding attitude on the part of Champlin. Briggs was wrong on the pipe question; Champlin wrong on the floor question. Both were immovable. A consideration of the whole evidence, however, leads us to the conclusion that substantial justice demands that the prayer of the bill be granted subject to allowance for cost of a raised floor. This can be fixed by evidence if not agreed upon. If the lease as tendered is not one which respondent should sign by reason of defective recitals relative to use of steam, the matter is easily curable. There was no dispute as to the terms of that agreement.

Decree may be entered accordingly without costs to either party.

For complainant: Frederick A. Jones.

For respondent: Swan & Keeney.